**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12839

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ANTWAN D. WILLIAMS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00200-WFJ-LSG-5

_____

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Antwan Williams appeals his sentence of 188 months' imprisonment for conspiracy to distribute methamphetamine as procedurally and substantively unreasonable. Williams argues that

the district court should have accounted for his minor role in the offense when calculating his guidelines range, his sentence is disproportionately high considering the nature of his conduct, and his sentence creates unwarranted sentencing disparities. But the district court correctly calculated his guidelines range, appropriately weighed the relevant sentencing factors, and Williams has not identified any similarly situated defendant who received a lower sentence than him. Accordingly, after careful review, we affirm.

## I.    Background

Williams pleaded guilty, without the benefit of a plea agreement, to one count of conspiring to distribute methamphetamine.

After Williams pleaded guilty, the United States Probation Office prepared a presentence investigation report ("PSI"). According to the undisputed facts of the PSI, Williams's co-defendant, Clarence Ford, imported kilograms of fentanyl and methamphetamine from Mexico. Ford would then sell the drugs to Williams and his other co-defendants and direct them on how to price and deliver the drugs to others. Williams sent text messages to his co-defendants regarding "help" with narcotics and the delivery of "cold," which was a code word for methamphetamine. In one instance, Williams contacted Ford and negotiated the purchase of 226.8 grams of methamphetamine. And in another instance, after Ford said that he was waiting on a check before he

could buy more drugs, Williams told Ford that he found a good price for methamphetamine.

In addition to describing Williams's offense conduct, the PSI provided Williams's criminal history, which included, among other things, convictions for the sale of cocaine, the sale of marijuana, shooting into a dwelling, domestic violence by strangulation, and false imprisonment. The PSI determined that Williams's criminal history category was VI.

The PSI also calculated Williams's base offense level as 26 because his offense involved 226.8 grams of methamphetamine. The PSI applied a two-level enhancement to his offense level because a dangerous weapon was found at Ford's residence, and it declined to apply any reduction based on Williams's role in the offense. The PSI increased Williams's offense level to 34 under U.S.S.G. § 4B1.1(b) because he was a career offender. After accounting for Williams's acceptance of responsibility and applying a three-level reduction, the PSI found that Williams's final offense level was 31. Based on a criminal history category of VI and an offense level of 31, the PSI determined that Williams's guidelines range was 188 to 235 months' imprisonment.

At his sentencing hearing, Williams raised objections to the PSI's application of the two-level firearm enhancement and the absence of a reduction for what he characterized as his minor role in the offense. Williams argued that he should not receive the firearm enhancement because it was not reasonably foreseeable that Ford possessed a firearm. The district court agreed and

sustained Williams's objection.    The district court, however, overruled Williams's objection to the fact that he did not receive a minor-role reduction because Williams was only being held liable "for his own personal involvement" in the conspiracy and not the actions of his co-conspirators.

Having settled Williams's objections, the district court adopted the PSI's recommendation that because Williams was a career offender and entitled to a three-level reduction for his acceptance of responsibility, his total offense level was 31. Accounting for his criminal history category of VI, the district court agreed with the PSI that Williams's guidelines range was 188 to 235 months' imprisonment.    After hearing the parties' arguments concerning the § 3553(a) factors, the district court imposed an 188-month sentence.

Williams appealed.

## II.    Discussion

Williams argues that his sentence was both procedurally and substantively unreasonable.    We first address the procedural reasonableness of his sentence before turning to its substantive reasonableness.

### A.  *Procedural Reasonableness*

We review the procedural reasonableness of a sentence for abuse of discretion.  *United States v. Touray*, 151 F.4th 1317, 1326 (11th Cir. 2025).

25-12839            Opinion of the Court            5

"To be procedurally reasonable, a defendant's guidelines range, including the application of any enhancements, must have been correctly calculated." *United States v. Isaac*, 987 F.3d 980, 990 (11th Cir. 2021). Additionally, a sentence is procedurally unreasonable if the district court "fail[ed] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court's error in application of an offense level adjustment is "irrelevant" and harmless, if the defendant's guidelines range was "based upon the application of the career offender guidelines" and unaffected by the contested adjustment. *See United States v. Rubio*, 317 F.3d 1240, 1245 (11th Cir. 2003).

Williams argues on appeal that he should have received a reduction to his offense level for being a minor participant in any criminal activity.[1] Even assuming that Williams is correct, any such error was harmless. Because Williams is a career offender,[2] unless his offense level would otherwise have been higher than 34, U.S.S.G. § 4B1.1(b) dictated his offense level without regard to any

---

[1] Williams also briefly argues that the district court erred by failing to resolve his objections to the PSI or explain its "major upward variance." Those arguments lack merit. The district court did not apply an offense level enhancement for possession of a dangerous weapon, and it declined to reduce his offense level for being a minor participant, which were Williams's only objections to the PSI's calculation of his guidelines range. And Williams's 188-month sentence was within his guidelines range of 188 to 235 months' imprisonment, so there was no variance for the district court to explain.

[2] Williams does not dispute that the career offender guidelines apply to his offense.

minor-role reduction. *See* U.S.S.G. § 4B1.1(b)–(c); 21 U.S.C. § 841(b)(1)(C). Without the career offender guideline, Williams's offense would have resulted in a base offense level of 26 because it involved at least 200 grams but less than 350 grams of methamphetamine. U.S.S.G. § 2D1.1(a)(5), (c)(7). So regardless of whether the district court should have applied a minor-role reduction, it properly determined that § 4B1.1(b) governed, and Williams's total offense level after accounting for his acceptance of responsibility was 31. Accordingly, any error in failing to apply a minor-role reduction was harmless because the district court correctly calculated Williams's offense level. *See Rubio*, 317 F.3d 1240.

### B. *Substantive Reasonableness*

We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard," and "take into account the totality of the circumstances." *Gall*, 552 U.S. at 41, 51.

Williams argues that his sentence was substantively unreasonable because it was disproportionately severe given his conduct and created unwarranted sentencing disparities.

A district court abuses its discretion in imposing a sentence when it (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). We vacate a sentence as substantively unreasonable only if "we are left with the definite and

firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quotations omitted).  The relevant factors the district court must consider at sentencing include the nature of the offense; the defendant's characteristics and history; "the need for the sentence imposed to reflect the seriousness of the offense," to provide "adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant"; and the need to avoid unwarranted sentencing disparities between defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C), (a)(6).

Williams's sentence was not disproportionately severe.  We begin by noting that Williams's sentence of 188 months' imprisonment was at the bottom of his guidelines range of 188 to 235 months and well below the statutory maximum of 30 years, which is an indication the sentence was reasonable.  *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the Guidelines range to be reasonable." (alteration adopted) (quotation omitted)); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (explaining that a sentence that is "well below" the statutory maximum is an indicator of reasonableness).

While Williams argues that his conduct was limited to helping a co-conspirator negotiate the price for a

methamphetamine sale, he fails to address the district court's determination that his sentence was warranted by the need to protect the public from future crimes he may commit. Because Williams was previously convicted of multiple violent offenses and offenses involving narcotics, and his prison sentences in those cases failed to deter his criminal conduct, the district court did not commit "a clear error of judgment in weighing the § 3553(a) factors," and Williams's bottom-of-the-guidelines sentence is not "outside the range of reasonable sentences dictated by the facts of the case." *See Irey*, 612 F.3d at 1190.

Nor did Williams's sentence create unwarranted sentencing disparities. In support of his argument, Williams points to two of his co-defendants who received lower sentences than he did.[3] But sentencing courts must only consider "the need to avoid unwarranted sentence disparities *among defendants with similar records*." 18 U.S.C. § 3553(a)(6) (emphasis added). So the district court need not use any comparator that has a "significant distinction[]" in his circumstances. *United States v. Jayyousi*, 657 F.3d 1085, 1117–18 (11th Cir. 2011). Here, the district court did not err because the defendants that Williams uses as comparators were

---

[3] Williams also notes that "[t]he nationwide average sentence for federal methamphetamine trafficking is 91 months," but citing the average sentence for a particular crime is insufficient to show an unwarranted sentencing disparity. *See United States v. Campbell*, 491 F.3d 1306, 1317 (11th Cir. 2007) (finding a sentence substantively reasonable despite it greatly exceeding the average sentence for tax offenses because the defendant relied on "bare numbers without context").

not similarly situated to him.  One of the co-defendants he points to had a criminal history category of III, while Williams's criminal history category was VI, and the other provided substantial assistance to the government that led to multiple co-defendants pleading guilty.  Thus, the disparities that Williams points to do not involve defendants with similar records and need not have been considered by the district court.  *See id.* (finding that defendants who "lacked extensive criminal histories" were inapt comparators); *United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008) (finding that defendants were not similarly situated when one provided substantial assistance to the government and the other did not, so their sentencing disparity was not unwarranted).

### III.    Conclusion

For the above reasons, any procedural error in Williams's sentence was harmless and his sentence was substantively reasonable.  Accordingly, we affirm.

**AFFIRMED.**